AMBRO, Circuit Judge,
dissenting.
Plaintiffs allege in their complaint that, in exchange for their willingness to transfer employment, they were promised in 1988 and 1994 enhanced pension benefits. More than six years later they discovered, per the complaint, these commitments to be delusive. Yet the District Court dismissed the complaint at the Rule 12(b)(6) stage notwithstanding that plaintiffs’ factual allegations must be accepted as true. My colleagues follow suit. Both the District Court and my colleagues believe that we are bound by our Court’s decision in In re Unisys Corp. Retiree Medical Benefit “ERISA” Litigation (Unisys III), 242 F.3d 497 (3d Cir.2001), which dealt with, inter alia, when the statute of limitations runs for a misrepresentation of pension benefits. I respectfully disagree, as I believe there is also a duty to disclose that has support in our case law. When a fiduciary fails to follow that duty, the clock for suit starts only when a beneficiary discovers, or should discover, the omitted information that has harmed him or her.
By the reasoning of Unisys III, “the date of the last action” of Kodak’s and Sanofi’s breach was 1988 and 1994, respec *207 tively. This follows, by this, reasoning, because Kodak and Sanofi purportedly made misrepresentations on those dates and plaintiffs relied on those misrepresentations at those times.
But we know that the plaintiffs did not find out the truth behind those purported misrepresentations until sometime around 2000 or 2002. What our holding in this case therefore does is allow a “safe harbor” for breaches of ERISA fiduciary duties. See Unisys III, 242 F.3d at 510 (Mansmann, J, concurring in part, concurring in the result in part). A fiduciary can therefore avoid all liability for misrepresentations “so long as [it] arranges to keep the beneficiaries in the dark for six years after they rely on [its] misrepresentations.” Id. This is hardly a recipe for “ensuring] that employees receive sufficient information about their rights under employee benefit plans to make well-informed employment and retirement decisions.” Harte v. Bethlehem Steel Corp., 214 F.3d 446, 451 (3d Cir.2000) (discussing the reasons that ERISA was enacted). Quite the opposite.
Taking a cue from Judge Mansmann’s concurrence in Unisys III and our decisions in Unisys III, Unisys II, Harte, Bixler, and Glaziers, I believe that Kodak and Sanofi breached their duty by failing to disclose the details of plaintiffs’ retirement benefits, thereby leaving them uninformed as to how Kodak and Sanofi intended its representations pertaining to those benefits. “Because this continuing breach involved an omission rather than an act, the six-year limitations period would not commence until ‘the latest date on which the fiduciary could have cured the breach or violation.’ ” Unisys III, 242 F.3d at 512 (Mansmann, J, concurring in part, concurring in the result in part) (quoting 29 U.S.C. § 1113(1)(B)). Thus, the statute of limitations would not have expired until six years after the 2000 or 2002 dates on which Kodak and Sanofi finally disclosed the details of plaintiffs’ retirement benefits.
This duty to disclose is supported by several of our cases. In Unisys III, we recognized a “fiduciary’s duty to deal fairly with its beneficiary and, more specifically, ‘to communicate to the beneficiary material facts affecting the interest of the beneficiary which he knows the beneficiary does not know and which the beneficiary needs to know for his protection.’ ” Id. at 509 (majority opinion) (quoting Bixler v. Cent. Pa. Teamsters Health & Welfare Fund, 12 F.3d 1292, 1300 (3d Cir.1993)). We also in that case recognized a “duty to advise,” which can arise “even in the absence of beneficiary-specific information concerning confusion or mistake” as long as a reasonable fiduciary in that position would have foreseen reliance based on this confusion. Id.
In Unisys II, we held that “when a plan administrator ... fails to provide information when it knows that its failure to do so might cause harm, [it] has breached its fiduciary duty to individual plan participants and beneficiaries.” In re Unisys Corp. Retiree Med. Benefit “ERISA” Litig. (Unisys II), 57 F.3d 1255, 1264 (3d Cir.1995). Likewise, in Glaziers we held that “a fiduciary has a legal duty to disclose to the beneficiary ... those material facts, known to the fiduciary but unknown to the beneficiary, which the beneficiary must know for its own protection.” Glaziers & Glassworkers Union Local No. 252 Annuity Fund v. Newbridge Sec., Inc., 93 F.3d 1171, 1182 (3d Cir.1996). We further held that the “scope of that duty to disclose is governed by ERISA’s Section 404(a), and is defined by what a reasonable fiduciary, exercising ‘care, skill, prudence and diligence,’ would believe to be in the best interest of the beneficiary to dis *208 close.” Id. In Bixler, we held that the “duty to inform is a constant thread in the relationship between beneficiary and trustee; it entails not only a negative duty not to misinform, but also an affirmative duty to inform when the trustee knows that silence might be harmful.” Bixler, 12 F.3d at 1300; cf. Buccino v. Cont’l Assurance Co., 578 F.Supp. 1518, 1521 (S.D.N.Y.1983) (“[A]s Fund fiduciaries [defendants] were under a continuing obligation to advise the Fund to divest itself of unlawful or imprudent investments. Their failure to do so gave rise to a new cause of action each time the Fund was injured.... If defendants failed, for ten years, to inform the Fund that its insurance plan was unlawful or otherwise improper, they continuously and repeatedly violated their fiduciary duties under ERISA. Only those violations that occurred more than six years before this action was filed are time barred.”).
As in the Unisys III case, Kodak and Sanofi failed to disclose for several years the true state of affairs for plaintiffs’ retirement benefits. In this context, Kodak and Sanofi “had an ongoing duty to inform the participants of the true state of affairs.” Unisys III, 242 F.3d at 513 (Mansmann, J, concurring in part, concurring in the result in part). For as long as Kodak and Sanofi could have “had reason to believe that the [plaintiffs] remained unaware of the material fact that [their retirement benefits were not in fact as generous as they had been told], it was a violation of trust (i.e., a breach of fiduciary duty) every day for [Kodak and Sanofi] not to inform them.” Id. (emphasis in original).
The plaintiffs “should be permitted to prove that they relied to their detriment on [Kodak’s and Sanofi’s] continuing nondisclosure ... by refraining from bringing the present suit until after the omitted information was supplied.” Id. Judge Mansmann went on to say that “[r]ecognition of an ongoing duty to correct prior misstatements entails that the statute of limitations does not run while a misstatement remains uncorrected.” Id.[4] Therefore, as she recognized, the majority’s holding that the statute runs from the date of misrepresentation and reliance “amounts to absolving the fiduciary from any ongoing duty to correct the misstatement[, which] is therefore contrary to our decisions in Bixler and Harte. ” Id.
With more than ten years of precedent in our Circuit pointing to an independent duty to inform pension beneficiaries of their rights, Kodak and Sanofi were on notice that they played Three-Card Monte at their peril with plaintiffs. To reward their nondisclosure is to make pension promises little more than chimerical commitments. A duty to inform would further ERISA’s goals and protect ERISA beneficiaries from being cheated out of their rightful claims by a fiduciary’s six-year wall of silence. I respectfully dissent.

. I also agree with Judge Mansmann that the objection that § 1113 is a statute of repose is met by the notion that "a fiduciary who has misled his beneficiary may never seek refuge behind the statute of limitations as long as he allows the deception to continue unabated.” Unisys III, 242 F.3d at 513 n. 9 (Mansmann, J, concurring in part, concurring in the result in part).